SCHEB, Judge.
The question presented on appeal is whether a disability income policy which excludes coverage for “ . . . heart trouble . . . contracted within 6 months of the effective date of the policy” precludes the insured from recovering benefits for a period of disability resulting from a second heart attack which followed a heart attack occurring within the exclusionary period.
The appellee, Union Fidelity Life Insurance Company (insuror), issued two separate “comprehensive insurance protection” policies on May 11, 1971 and June 24, 1971, to appellant, Jack L. Turner. Each policy provided monthly indemnity benefits during periods of disability arising from sickness or accidents. Each policy stipulated:
Tuberculosis, heart trouble, hernia and diseases in organs peculiar to females shall be covered only if contracted more than six months after the effective date of the policy, (emphasis supplied)
Turner suffered a heart attack on November 9, 1971, for which he was hospitalized until December 2, 1971. This occurred within the six month exclusionary period. Turner concedes there was, therefore, no policy coverage for the disability resulting from this initial attack. Then on November 4, 1972, Turner suffered a second heart attack caused by arteriosclerosis, the underlying cause of the first attack. He contends the disability resulting from his second attack is covered under the policies.
The trial court concluded that each of Turner’s periods, of disability was caused by “heart trouble” contracted on November 9, 1971, within the six months exclusionary period. Judgment was entered in favor of the insuror, and Turner appeals.
The undisputed medical evidence shows that Turner’s second heart attack was a recurrent manifestation of an underlying coronary heart disease (arteriosclerosis) which manifested itself within six months of issuance of the policies. An illness, disease or disability ordinarily is deemed to have been “contracted”, i. e. to have its inception when it first becomes manifest or active. See S3 A.L.R.2d 686; 17 C.J.S. Contract p. 512 (1963). The trial court, therefore, correctly determined that the disability resulting from the second heart attack was a continuation of the “heart trouble” which originally was contracted during the six months exclusionary period.
Accordingly, the judgment of the trial court is affirmed.'
McNULTY, C. J., and BOARDMAN, J., concur.